**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4218-19
                A-4433-19

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
("AADARI"),

      Plaintiff-Appellant,

V.

MADELINE C. MEDINA, CITY
OF BAYONNE POLICE
DEPARTMENT, and CITY OF
BAYONNE,

      Defendants-Respondents.

_____

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
("AADARI"),

      Plaintiff-Respondent,

v.

NICOLE LEAVY, TOWNSHIP OF
UNION POLICE DEPARTMENT,
and TOWNSHIP OF UNION,

Defendants-Appellants.

Submitted October 26, 2021 – Decided January 20, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4981-19 and Union County, Docket No. L-0893-20.

Rotimi A. Owoh, attorney for appellant in Docket No. A-4218-19 and respondent in Docket No. A-4433-19.

Aloia Law Firm, LLC, attorneys for appellants in A-4433-19 (Michael K. Belostock and Victoria A. Lucido, on the briefs).

Inglesino, Webster, Wyciskala & Taylor, LLC, attorneys for respondent in Docket No. A-4218-19 (Justin A. Marchetta, of counsel; Graham K. Staton, on the briefs).

PER CURIAM

These consolidated appeals arise out of two separate denials of plaintiff's New Jersey Open Public Records Act (OPRA) requests. In African American Data and Research Institute (AADARI) v. Nicole Leavy, Township of Union, and Township of Union Police Department (the Union case), defendants appeal from the May 22, 2020 and July 24, 2020 trial court orders, which respectively ordered defendants to produce the requested records and granted plaintiff attorney's fees.

In African American Data and Research Institute (AADARI) v. Madeline C. Medina, City of Bayonne Police Department, and City of Bayonne (the Bayonne case), plaintiff appeals from the trial court's July 24, 2020 order granting defendants' motion for reconsideration and vacating a prior award to plaintiff of attorney's fees.

While these appeals were pending, the New Jersey Supreme Court issued an opinion in Simmons v. Mercado, 247 N.J. 24 (2021) that definitively resolved the issues before us. Therefore, we affirm the orders in the Union case. We reverse the order in the Bayonne case and remand to the trial court to reinstate the June 11, 2020 attorney's fee award.

I.

In both cases, plaintiff made an OPRA request for the following records:

(1) DRE (Drug Recognition Evaluation/Expert) Rolling Log (from January of 2019 to the present).

(2) Copies of summonses and complaints that were prepared by [the municipality] police department relating to each one of the defendants listed in [the] DRE Rolling Logs mentioned in item 1 above.

(3) Copies of DUI and DWI summonses and complaints that were prepared by [the municipality] Police Department from January of 2019 to the present.

A-4218-19

(4) Copies of drug possession summonses and complaints that were prepared by [the municipality] Police Department from January of 2019 to the present.

(5) Copies of drug paraphernalia summonses and complaints that were prepared by [the municipality] Police Department from January of 2019 to the present.

(6) Copy of [the municipality] Police Department's "Arrest Listings" from January of 2019 to the present.

Defendants in both cases responded that the respective police department was not in possession of items (2)-(5) and plaintiff should contact the respective municipal court for the requested documents. Plaintiff filed orders to show cause in each case compelling defendants to produce the requested documents.[1]

The trial courts granted the orders to show cause in each case. As the prevailing party, plaintiff moved for an order awarding counsel fees and costs under N.J.S.A. 47:1A-6. The trial court granted counsel fees to plaintiff in the Union case on July 24, 2020. Plaintiff was granted counsel fees in the Bayonne case under a June 11, 2020 order.

---

[1] In the Union case, plaintiff's counsel failed to verify the complaint as required under Rule 4:67-2(a). The court denied the order to show cause without prejudice because of the deficiency. Plaintiff subsequently filed a properly verified identical second complaint. The court denied defendants' motion to dismiss the second complaint as untimely. To the extent that argument is raised on appeal, we find it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-4218-19

## II.

At this same time, in June 2020, we considered an identical OPRA records request in Simmons v. Mercado, 464 N.J. Super. 77 (App. Div. 2020). We concluded that the trial court in that case did not err in denying the OPRA request made to the municipality's police department because the request should have been directed to the municipal court. Id. at 82.

The trial court granted a stay of the proceedings in the Union case. In the Bayonne case, defendants moved for reconsideration. On July 24, 2020, the trial court granted reconsideration and vacated the counsel fees award.

The Supreme Court granted certification in Simmons, 244 N.J. 342 (2020). We stayed the two pending appeals. After the Court issued its decision on June 17, 2021, we requested supplemental briefs addressing the impact of the Court's decision.

## III.

In Simmons, the plaintiffs requested the Millville Police Department (MPD) provide the following documents: (1) DWI/DUI complaints and summonses; (2) drug possession complaints and summonses; (3) "Arrest Listings;" and (4) drug paraphernalia complaints and summonses. 247 N.J. at 32. As in the cases here, MPD provided the arrest listings, but declined to

produce the records, stating they were within the possession of the municipal court.

The Court concluded the requested documents were subject to OPRA because the documents are "made, maintained or kept on file in the course of . . . its official business. . . ." Id. at 39 (citing N.J.S.A. 47:1A-1.1). The Court noted that the police department inputs the substantive information regarding arrests used to populate the documents, thereby creating the documents and no judge or judicial officer played any part in creating the documents or inputting information into the documents. Id. at 40. Therefore, to advance OPRA's policy of government transparency in light of modern-day technology, MPD was required to produce the documents responsive to the plaintiff's OPRA request. Id. at 42.

IV.

The Court's decision in Simmons resolved the issues presented in these appeals. The orders in the Union and Bayonne cases compelling the production of the requested documents are affirmed. We turn then to the counsel fees awards.

Defendants in the Union case do not present any specific challenge to the July 24, 2020 fee award other than reiterating they were not in violation of

OPRA in denying the production of the requested documents and therefore, plaintiff was not entitled to an award of fees.

As a prevailing party, plaintiff is entitled to a reasonable attorney's fee. N.J.S.A. 47:1A-6. We review a trial court's award of counsel fees for a clear abuse of discretion. We "will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

In the Union case, the trial judge reviewed counsel's hourly fee, finding it reasonable, and considered the appropriate factors under RPC 1.5. The court awarded less than the amount requested by plaintiff. We discern no reason to disturb the court's July 24, 2020 fee award.

In the Bayonne case, defendants' counsel conceded, that given the Court's decision in Simmons, the trial court's July 24, 2020 order should be vacated and the June 11, 2020 order reinstated.

For the reasons already stated, we reverse the trial court's July 24, 2020 order granting reconsideration. We remand to the trial court solely for the reinstatement of the June 11, 2020 order awarding plaintiff counsel fees.

We affirm in A-4433-19.  In A-4218-19, we reverse the July 24, 2020 order and remand to the trial court for reinstatement of the June 11, 2020 order. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION